IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-4, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:22-cv-252 |
| JUSTIN BLAKE ALEXANDER, CODY PHILLIP ALEXANDER, and BRANDY NICOLE ALEXANDER, | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates Series 2005-4 ("Plaintiff or "BNYM") complaining of Justin Blake Alexander, Cody Phillip Alexander, and Brandy Nicole Alexander files this *Original Complaint*, and states as follows:

### I.  PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Edward Blake Alexander ("Decedent") was a borrower under a loan agreement described below. Decedent died on or March 4, 2021. Upon information and belief, no probate is open for Decedent's estate in Bexar County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at

law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the Property, immediately upon their respective deaths. Each Heir is made a party in this proceeding.

4. Defendant Justin Blake Alexander is an alleged heir and grandson of Decedent. Defendant Justin Blake Alexander is a citizen of the state of Texas, and may be served with process at 105 Trick Pony, Liberty Hill, Texas 78642 or at any other place where he may be found. Summons is requested.

5. Defendant Cody Phillip Alexander is an alleged heir and grandson of Decedent. Defendant Cody Phillip Alexander is a citizen of the state of Texas, and may be served with process at 26601 Rialto Blvd. #4101, Austin, Texas 78735 or at any other place where he may be found. Summons is requested.

6. Defendant Brandy Nicole Alexander is an alleged heir and granddaughter of Decedent. Defendant Brandy Nicole Alexander is a citizen of the state of Texas, and may be served with process at 13214 Park Road 37, Lakehills, Texas 78063 or at any other place where she may be found. Summons is requested.

## II. PROPERTY

7. This proceeding concerns the real property and improvements commonly known as 2622 North Flores Street, San Antonio, Texas 78212 and more particularly described as follows:

> THE NORTH ONE-THIRD LOTS 1 AND 2, AND WEST TEN FEET OF THE NORTH ONE-THIRD OF LOT 3, BLOCK 39, NEW CITY BLOCK 1865, LAUREL HEIGHTS ADDITION, CITY OF SAN ANTONIO BEXAR COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 105, PAGE(S) 20-21, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. (The "Property").

### III. JURISDICTION AND VENUE

8. Defendants are individuals and citizens of Texas.

9. BNYM is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). BNYM is a national banking association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). BNYM is, and at all times relevant to this action was, a national association bank with its main office located in New York, New York. Thus, Plaintiff BNYM is a citizen of New York, and no other state, for purposes of diversity jurisdiction.

10. Jurisdiction and venue are properly in this district and division, the United District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

### IV. FACTS

11. The foregoing paragraphs are incorporated by reference for all purposes.

12. On or about April 14, 2005, Decedent Edward Blake Alexander executed a Note in the principal amount of $72,500.00 ("Note"), originally payable to Countrywide Home Loans, Inc. ("Countrywide") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

13. Concurrently with the execution of the Note, Decedent ("Borrower") executed a Deed of Trust, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Countrywide, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Bexar County, Texas, as Document No. 20050093831, on May 2, 2005. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14. The Security Instrument named Mortgage Electronic Registration Services, Inc ("MERS") as the beneficiary, solely as nominee for Countrywide and its successors and assigns. Subsequently, MERS, as nominee for Countrywide, transferred and assigned the Loan Agreement to BNYM. The Assignment of Deed of Trust was recorded in the official public records of Bexar County, Texas, under Instrument No. 20120078597. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

15. Plaintiff is the current owner and holder of the Note and beneficiary of the Security Instrument.

16. On or about March 4, 2021, Decedent passed away. Upon information and belief, no probate was ever opened for Decedents. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all of their interest in the Property immediately upon their death, subject to the Loan Agreement debt owed to Plaintiff.

17. Under the terms of the Loan Agreement, the Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

18. The Loan Agreement further provides that should he fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

19. The Loan Agreement is currently due for the April 1, 2021, payment and all subsequent monthly payments. On May 24, 2021, a *Notice of Default* was sent via certified mail to the Borrower to the Property address, in accordance with the Loan Agreement and the Texas Property Code. The *Notice of Default* advised Borrower that in order to cure the default, a payment for the entire total amount past due, any amount in the interim must be received on or June 26, 2021, and that failure to cure the default on or before the date specified would result in acceleration of the sums secured by the Security Instrument and sale of the Property. A true and correct copy of the *Notice of Default* is attached hereto as **Exhibit D**.

20. The default was not cured, and the maturity of the debt was accelerated on August 10, 2021, when a *Notice of Acceleration of Loan Maturity* was sent via certified mail to mailed to the Borrower to the Property's address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit E.**

21. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B. ENFORCEMENT OF STATUTORY PROBATE LIEN

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

26. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedents' debts.

### D. PUBLIC AUCTION

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the

Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

33. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Tarrant County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure.—Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

38. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Texas Bar No. 24093448
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686
**ATTORNEYS FOR PLAINTIFF**